UNITED STATES of America,
Plaintiff–Appellee

v.

Marvin Clarence PRESLEY,
Defendant–Appellant.

No. 04–10512.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 30, 2004.

Floyd Clardy, U.S. Attorney's Office, Northern District of Texas, Dallas, TX, for United States of America.

Ira Raymond Kirkendoll, Federal Public Defender, Federal Public Defender's Office, Northern District of Texas, for Defendant–Appellant.

Before KING, Chief Judge, and JONES and DENNIS, Circuit Judges.

PER CURIAM: *

Marvin Clarence Presley appeals the sentence imposed following the revocation of his supervised release. He argues for the first time on appeal pursuant to *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Williams*, 343 F.3d 423 (5th Cir.), *cert. denied*, 540 U.S. 1093, 124 S.Ct. 966, 157 L.Ed.2d 800 (2003), that his sentence should not have exceeded one year of imprisonment because his underlying conspiracy conviction was only a Class E felony.

Neither *Blakely* nor *Williams*, however, plainly supports the determination urged by Presley either that 18 U.S.C. § 3553(b)(1) creates an additional aggravated offense for every offense in the United States Code or that the statutory maximum for purposes of felony classification under 18 U.S.C. § 3559 is the top end of an offender's guideline range, as opposed to the maximum term of imprisonment authorized by the statute. Consequently, Presley has not demonstrated plain error on the part of the district court. *See United States v. Vasquez*, 216 F.3d 456, 459 (5th Cir.2000).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.